UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SENECA INSURANCE COMPANY,

                        Plaintiff,                    03 Civ. 2995 (GBD) (DF)

      -against-                        ORDER

BEKINS MOVING SYSTEM, INC.

                       Defendant.
------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

      This insurance rescission action was referred to Magistrate Judge Debra Freeman to conduct an inquest on damages. Magistrate Judge Freeman issued a Report and Recommendation wherein she recommended that plaintiff be awarded damages in the amount of $167,943.18, plus $230.00 in costs. In her report, Magistrate Judge Freeman advised the parties that failure to file timely objections to the report will constitute a waiver of those objections. Neither party filed objections to the Report and the time to do so has expired. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

      Where there are no objections, the Court is to accept the Report provided there is no clear error on the face of the record. Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998). After reviewing the Report, the Court finds that the record is not facially erroneous.

      In this action, plaintiff seeks an order retroactively rescinding a commercial insurance policy issued to defendant and damages. Since defendant has defaulted on plaintiff's claim that defendant made material misrepresentations on its policy application, the policy is declared null and void *ab initio*, and defendant is liable to plaintiff for the total amount of claims that plaintiff

paid under the policy's terms. N.Y. Ins. L. § 3105; Nationwide Mut. Fire Ins. Co. v. Pascarella, 993 F.Supp. 134, 136 (N.D.N.Y. 1998), citing Mutual Benefit Life Ins. Co. v. JMR Elecs. Crop., 848 F.2d 30,32 (2d Cir. 1998.). The magistrate judge properly found that amount to be $167,943.18. In addition, plaintiff's request for $230.00 in costs is reasonable in accordance with Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.

Accordingly, it is hereby ordered that the Clerk of the Court enter judgment awarding damages in the amount of $167,943.18, plus $230.00 in costs.

Dated: New York, New York
March 27, 2006

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

2